IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

MARY M. HULL,
NELSON B. PHELPS,
Individually and on behalf of the
ASSOCIATION OF U S WEST RETIREES,

      Plaintiff,

vs.

INTERNAL REVENUE SERVICE,
UNITED STATES DEPARTMENT OF TREASURY,

      Defendant.

---

## COMPLAINT under FREEDOM OF INFORMATION ACT

Plaintiffs **MARY M. HULL** and **NELSON B. PHELPS**, by and through their counsel,

Curtis L. Kennedy, file this Complaint:

### SUMMARY STATEMENT OF FACTS AND CLAIM

1.      Pursuant to the Freedom of Information Act (FOIA), Plaintiffs tried

unsuccessfully to get Defendant to disclose information about relief granted under the federal

agency's Voluntary Compliance Resolution (VCR) program concerning U S WEST pension

plans after the plan sponsor admitted to the agency that there had been an operational defect in

administering a pension benefit.

2.      In general, the VCR program permitted employers that meet certain conditions to

voluntarily correct operational defects in their qualified retirement plans and avoid the risk that

the IRS may disqualify their plans.   The correction under the VCR is intended to restore a

pension plan to the position it would have been in had the operational defect not occurred.   One

of the goals of the VCR is to facilitate a procedure so as to restore active and former employees

to the benefit levels they would have had if the operational defect concerning a pension plan had

not occurred.

　　　　3.　　　On August 28, 1996, the IRS formally approved a proposal submitted on behalf of

the U S WEST pension plans, and the IRS issued a "Compliance Statement" mandating certain

payments to all affected pension plan participants during 1996.

　　　　4.　　　Plaintiffs' FOIA request concerning the agency's file with respect to the VCR

request made on behalf of the U S WEST pension plans was fully rebuked by Defendant's FOIA

Disclosure office in Phoenix.   Plaintiffs timely internally appealed the FOIA denial and the

appeal was fully denied.   In this action, Plaintiffs request an order of this Court requiring the

IRS to provide Plaintiffs responsive information to their FOIA request.

## JURISDICTION  AND VENUE

　　　　5.　　　The Court has jurisdiction of the Claims for Relief based upon the civil

enforcement provisions of the Freedom of Information Act , 29 U.S.C. § 552 (FOIA), and upon

28 U.S.C. § 1331.

　　　　6.　　　Venue of this action lies in the District of Colorado, pursuant to 5 U.S.C. §

552(a)(4)(B), because both Plaintiffs reside in this District.

## **THE PARTIES**

    **7.**    Named Plaintiff, MARY M. HULL is a United States citizen and resident of Denver, Colorado.   She retired from U S WEST, Inc. effective April 7, 1995.   She received a service pension annuity from the U S WEST Pension Plan.

    **8.**    HULL is a "participant," as defined by ERISA § 3(7), 29 U.S.C. § 1002(7), of the Qwest Pension Plan, the successor to the U S WEST Pension Plan, and she receives a service pension in the form of a monthly annuity.

    **9.**    HULL is the president of the ASSOCIATION OF U S WEST RETIREES (AUSWR), a non-profit organization of retirees from U S WEST and Qwest.  AUSWR's mission is to insure that each retiree receives every benefit earned as a result of their long service to the company.  See: http://www.uswestretiree.org/mission.htm#m&p

    **10.**    Named Plaintiff, NELSON B. PHELPS is a United States citizen and resident of Aurora, Colorado.   He retired from U S WEST, Inc. effective February 28, 1990.    He received a service pension annuity from the U S WEST Pension Plan.

    **11.**    PHELPS is a "participant," as defined by ERISA § 3(7), 29 U.S.C. § 1002(7), of the Qwest Pension Plan, and he receives a service pension in the form of a monthly annuity.

    **12.**    PHELPS is the executive director of AUSWR.

    **13.**    Defendant INTERNAL REVENUE SERVICE, DEPARTMENT OF TREASURY (IRS) is an agency of the federal government required to comply with the terms of FOIA.   FOIA is to be broadly construed in favor of disclosure, and the government bears the burden of justifying non-disclosure under a particular FOIA exemption.  See *Audobon Soc'y v. United*

*States Forest Serv.,* 104 F.3d 1201, 1203 (10th Cir. 1997).  Defendant maintains offices within

this District at 600 17th Street, 12the Floor, North Tower, Denver, CO 80202.

## **FACTS**

**14.**    On April 17, 2008 , Plaintiffs' counsel sent to a FOIA Disclosure Manager for the

IRS a request under FOIA and the entire text of the letter appears below:

April 17, 2008

Barbara Rodriguez, FOIA Disclosure Manager
INTERNAL REVENUE SERVICE
FOIA Disclosure Office
210  E.  Earll  Drive
MS 7000 STP, PHX
Phoenix, AZ 85012-2626
Tele:  651-312-7812 (Barbara Rodriguez)
Fax:   602-207-8803 (Phoenix - secretary line)                **(Via Fax and First Class Mail)**

Re:      **Freedom of Information Act (FOIA) Request**
U S WEST Pension Plan  **– IRS Action Taken in 1996**

Ms. Rodriguez:

Please treat this letter serve as an official Freedom of Information Act (FOIA), 5 U.S.C. §
552, request by myself and on behalf of the Requesters identified herein, and notice of my
agreement to pay the reasonable assessable fees associated with the IRS's processing of this FOIA
request, as explained herein below.  As you know, FOIA has played a unique role in strengthening
our democratic form of government. The statute was enacted based upon the fundamental principle
that an informed citizenry is essential to the democratic process and that the more the American
people know about their government the better they will be governed. Openness in government is
essential to accountability and the Act has become an integral part of that process.   FOIA has been
one of the primary means by which members of the public inform themselves about their
government.

**Identity of FOIA Requesters:**   FOIA Requester Association of U S WEST/Qwest
Retirees (AUSWR) is a non-profit organization serving approximately 40,000 U S WEST/Qwest
retirees, and their spouses.  See:  www.uswestretiree.org.  FOIA Requester Mary "Mimi" Hull
serves as the President of this umbrella organization which is comprised of six separate retiree
groups within the former U S WEST telephone servicing area consisting of fourteen states.  FOIA
Requester Nelson Phelps serves as the Executive Director of this retiree umbrella organization
which was formed in August 1999 to unite the six retiree groups.  AUSWR's mission is to insure
that each retiree receives every benefit earned as a result of their long service to the company.
See:  http://www.uswestretiree.org/mission.htm#m&p  Hull and Phelps are retirees and
participants in the former U S WEST Pension Plan, now called Qwest Pension Plan.

**Subject Matter of FOIA Request:**  In 1990, U S WEST, Inc., of Denver, Colorado, **EIN 84-0926774**, made an early retirement offering accepted by Requester Phelps and about 3,300 employees.  About 2,800 of those persons received an enhanced lump sum pension benefit distribution from the **U S WEST Management Pension Plan**.  This offering was known as the "5 + 5" early retirement offering.  Part of the payment included a benefit also known as the "Sickness Death Benefit."  About 5 years later it was brought to the attention of pension plan administrators that the Company had applied flawed actuarial factoring when calculating the present value of the lump sum payments distributed in 1990. [f]  As a result of this revelation, U S WEST leadership decided to make amends to the 2,800 retirees, proposing to make an additional lump sum payment out of the pension plan which had then merged into the **U S WEST Pension Plan**.  On or about March 15, 1996, U S WEST made a formal proposal to the IRS explaining its error and resulting deficiency as well as the company's proposed plan to recalculate the death benefits and make up the shortfall to the 2,800 plan participants.

**The Specific FOIA Request:**  On or about *March 15, 1996*, U S WEST, Inc. made a submission to the IRS under the Voluntary Compliance Resolution ("VCR") Program, in which submission the company fully described the problem and requested IRS grant approval to make adjusted pension payments with 8% interest to the affected 2,800 retirees.  On *August 28, 1996*, the IRS formally approved of U S WEST's proposal and issued a Compliance Statement mandating that U S WEST pay the disputed claims within 90 days.  A few weeks later during September 1996, the adjusted pension payments were made to the 2,800 retirees.  Requesters seek a complete copy set of all documents associated with the IRS handling of U S WEST's submission in 1996 resulting in the IRS Compliance Statement, plus all other associated records in the agency's file.  To be clear, Requesters wish to have copies made without first inspecting those records.  Requesters do not need to inspect the records; just send the records.  This FOIA request includes the full March 15, 1996 dated submission made by U S WEST and pension plan administrators, including supporting documents, supplemental reports, informal and formal discovery requests, orders, if any, and the written and electronic (e-mail) responses given thereto, including the August 28, 1996 dated IRS's Compliance Statement issued to U S WEST.

**Representations and Understandings:**  It is Requesters' position that all matters concerning the IRS's handling of U S WEST's submission in 1996 pertaining to the pension plan payments are not private matters subject to any FOIA exemption.  Requesters do not believe any of the responsive documents are subject to either the Privacy Act or Internal Revenue Code Section 6103.  Requesters contend the requested documents pertain to the operation and

---

[f]     [Footnote as set forth in the FOIA request letter]:  In 1990, the terms of the U S WEST Management Pension Plan paid death benefits only if a qualified death beneficiary was alive at the plan participant's death. When making the early retirement lump sum distributions, U S WEST and plan administrators had used a probability factor to estimate the likelihood of paying a death benefit.  But, the Plan did not allow the use a probability factor.  Instead, the Plan required that the present value of the death benefits be calculated assuming a 100 percent probability that a death benefit would be paid.  The probability factor applied by U S WEST in 1990 reduced the likelihood that a death benefit would actually be paid, and therefore, reduced substantially the amount of death benefits paid to the 2,800 early retirees.  Thus, when the error was caught and acted upon, U S WEST decided to pay out additional benefits estimated to be about $20 million from the U S WEST Pension Plan which had been merged with the U S WEST Management Pension Plan.  But, before making the additional payments, U S WEST had to seek IRS approval of the company's proposal to make the deficiency payments.

administration of the pension plans, records that ERISA favors disclosure to pension plan participants.  Therefore, to the extent the IRS's position is to the contrary, we trust there will be an attempt to remove all alleged "exempt information" so as to make the documents suitable for release.

None of this information will be sold or used for commercial purposes.  None of the Requesters are affiliated with or members of the 'Media."  The requested information will be provided to hundreds, perhaps thousands of pension plan participants who seek more information about the subject matter, so as to be more fully informed.

All Requesters understand that you will provide me a written or electronic (e-mail) response within twenty (20) days and advise of the IRS's decision to grant, defer or refuse access to all or part of the documents we have requested, along with an explanation of the reasons for the decision and the fees to be charged to me.   Again, I agree in advance to pay all reasonable required fees associated with processing and responding to this FOIA request.  If I must state an upper limit in order for you to go forward, please be advise that the upper limit of fees to be charged should not exceed $1,000.00.

Sincerely,

Curtis L. Kennedy

Individual Requester, and on behalf of the Association of U S WEST/Qwest Retirees

Individual Requester:                  Mimi Hull, President
ASSOCIATION OF U S WEST RETIREES
678 Clarkson St.
Denver, CO 80218-3202
Tele:  303-832-4129 (h)
Email: MM5Hull@msn.com (Mimi Hull)

Individual Requester:                  Nelson B. Phelps, Executive Director
ASSOCIATION OF U S WEST RETIREES
1500 So.  Macon  St.
Aurora,  CO  80012-5141
Tele: 303-743-7928

**15.**      By letter dated May 14, 2008, the IRS's Phoenix FOIA Disclosure office fully

denied Plaintiffs' request, and the entire text of the denial letter appears below:

May 14, 2008

Mr. Curtis L. Kennedy
Attorney at Law
8505 E. Princeton Avenue
Denver, CO 80237-1741

Dear Mr. Kennedy:

-6-

This responds to your Freedom of Information Act (FOIA) request of April 17, 2008, received in our office on April 22, 2008.

You asked for Voluntary Compliance Resolution (VCR) program records regarding US West Pension Plan.

Tax records are confidential and may not be disclosed unless specifically authorized by law.   We must receive U S West Pension Plan's written consent before we can consider releasing the information you requested.

The consent must be a separate written document pertaining solely to the authorized disclosure. It must include the following:

> • Name, address, and Employer Identification number of the taxpayer
> • Type of return or return information to be disclosed
> • Taxable period or year covered
> • Identity of the person to whom the disclosure is to be made
> • Signature of the taxpayer and date signed

For your convenience, I have enclosed Form 8821, Tax Information Authorization.   When properly completed, this form satisfies all requirements for a valid consent.

If you have any questions please call Senior Disclosure Specialist Vivian King, ID# 41-03609, at 651-312-7813 or write to: Internal Revenue Service, Disclosure Office 11, MS 7000 PHX, 210 E. Earll Drive, Phoenix, AZ 85012.   Please refer to case number 11-2008-02163.

Sincerely,

Vivian King
Senior Disclosure Specialist
Disclosure Office 11

Enclosure

**16.**    Accordingly, the IRS did not state whether or not the agency was relying upon a specific FOIA exemption and no statutory exemption was cited.

**17.**    Plaintiffs' FOIA request does not seek confidential taxpayer information.  The request concerns the administration of the U S WEST pension plans and compliance with IRS regulations.  The requested information is that which pension plan participants should be entitled to be informed about pursuant to the letter and spirit of the Employee Retirement Income Security Act (ERISA) and applicable regulations.  Also, the requested information is that which

-7-

Internal Revenue Service Section 6104(a)(1)(B), 26 U.S.C. § 6104(a)(1)(B), mandates the IRS

and the Treasury Department make available for public inspection.

18.      Internal Revenue Code Section 6104(a)(1)(B) mandates that the IRS make

available for public inspection:

(i)      any application filed with respect to the qualification of a **pension**, profit-sharing, or stock bonus plan under section 401 (a) or 403 (a), an individual retirement account described in section 408 (a), or an individual retirement annuity described in section 408 (b),

(ii)     any application filed with respect to the exemption from tax under section 501(a) of an organization forming part of a plan or account referred to in clause (i),

(iii)    any papers submitted in support of an application referred to in clause (i) or (ii), and

(iv)     **any letter or other document issued by the Internal Revenue Service and dealing with the qualification** referred to in clause (i) or the exemption from tax referred to in clause (ii).

(emphasis added).  26 U.S.C. § 6104(a)(1)(B).

19.      The IRS failed to inform Plaintiffs how they could internally appeal the denial of

their FOIA request and, therefore, did not comply with its own regulations requiring the federal

agency to "advise the person making the request of the right to appeal to the Commissioner in

accordance with paragraph (c)(10) of this section."  See 26 CFR Section 601.702(c)(9)(iv).

20.      Nevertheless, within 35 days after the May 14, 2008 denial letter, Plaintiffs'

counsel submitted a timely appeal letter and the entire text of the appeal letter appears below:

June 11, 2008

INTERNAL REVENUE SERVICE
Attn:  FOIA Appeals
5045 E. Butler Ave.
M/Stop 55201
Fresno, California 93727-5136

Re:      **Freedom of Information Act Request  – APPEAL**

-8-

May 14, 2004 FOIA Denial
April 17, 2008 FOIA Request

Dear Sir or Madam:

This is a timely appeal submitted under the Freedom of Information Act (FOIA), as amended, 5 U.S.C. § 552, of the May 14, 2008 decision letter from Vivian King, Senior Disclosure Specialist employed at IRS FOIA Disclosure Office 11 fully denying the April 17, 2008 dated FOIA request served on Barbara Rodriguez, FOIA Disclosure Manager in Phoenix, Arizona. Copies of both my April 17 FOIA request letter and Ms. King's May 14 denial letter are attached hereto. The FOIA request concerns information about the U S WEST Management Pension Plan. Accordingly, please let this letter serve as an appeal by myself and on behalf of all requesters identified in my April 17 letter.

The April 17, 2008 FOIA request was for all agency records of the Internal Revenue Service pertaining to an IRS Compliance Statement issued to U S WEST on or about August 28, 1996 concerning the U S WEST Management Pension Plan or U S WEST Pension Plan. The FOIA request is sufficiently detailed and there could be no question that all of the requested information pertained to the administration of the U S WEST pension plan(s).

While not directly stating such in her May 14 denial letter, it appears that Ms. King has tried to invoke FOIA Exemption 6, the "privacy exemption", which exemption authorizes the withholding of "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Quite simply, the FOIA denial letter is either the product of a complete lack of understanding of the nature of the FOIA request or just another example of government bureaucratic incompetence.

It is our position that FOIA Exemption 6 is being abused and/or misused. It should be beyond question that Exemption 6 is intended to protect the privacy interests of *individuals* by allowing IRS to withhold <u>personal</u> data kept in its files where there is an expectation of <u>personal</u> privacy. Only individuals have privacy interests. Corporations and business associations have no privacy rights under the sixth exemption, with the exception of closely held corporations or similar business entities. In any event, a corporate pension plan governed by ERISA disclosure requirements does not fit within the parameters of FOIA Exemption 6. It is simply nonsense for anyone to assert FOIA Exemption 6 to a pension plan. Ms. King did not bother to specify the distinct, generic categories of documents at issue and the privacy harm that would result from their release to me and the requesters. No doubt, a federal judge will agree that it was simply ludicrous for Ms. King to expect any of us to obtain permission from a pension plan, as one might be required to do when dealing with sought after tax information concerning an individual taxpayer.

Clearly, Ms. King's ***blanket*** denial does not comply with either the letter or spirit of FOIA. The statute was enacted based upon the fundamental principle that an informed citizenry is essential to the democratic process and that the more the American people know about their government the better they will be governed. Openness in

**-9-**

government is essential to accountability, and FOIA has become an integral part of that process.  FOIA has been one of the primary means by which members of the public inform themselves about their government.

In this instance, the FOIA request concerns an enhanced lump sum pension benefit distributed from the U S WEST Management Pension Plan during 1990.  This early retirement program was known as the "5 + 5" early retirement offering, and Individual Requester Nelson Phelps was one of the retirees who participated in that program.  Part of an optional "5 + 5" lump sum payment included a benefit also known as the "Sickness Death Benefit."  About 5 years after the "5 + 5" payments had been made, it was brought to the attention of pension plan administrators that U S WEST had applied flawed actuarial factoring when calculating the present value of the lump sum payments distributed to the retirees in 1990.[f]  As a result of this revelation, U S WEST leadership decided to make amends to about 2,800 retirees, proposing to make an additional lump sum payment out of the pension plan which had then merged into the U S WEST Pension Plan.

Therefore, on or about March 15, 1996, U S WEST made a formal proposal to the IRS explaining its error and resulting deficiency as well as the company's proposed plan to recalculate the death benefits and make up the shortfall to 2,800 plan participants.  On August 28, 1996, the IRS formally approved of U S WEST's proposal and issued a Compliance Statement mandating that U S WEST pay the disputed claims within 90 days.  A few weeks later, during September 1996, the adjusted pension payments were made to about 2,800 retirees.  Requesters seek a complete copy set of all documents associated with the IRS handling of U S WEST's submission in 1996 resulting in the IRS Compliance Statement, plus all other associated records in the agency's file.

If the IRS is allowed to withhold all of the requested pension plan related information simply because Ms. King, or someone in her office, might imagine that the requested information *might* have some bearing on personal taxpayer information, the FOIA is rendered meaningless.   In short, we don't believe the requested information can be refused on the basis of either Exemption 6 or any other FOIA Exemption.  The FOIA requested documents relate to the funded trust established and maintained specifically for the exclusive benefit of U S WEST Pension Plan participants, such as Individual Requesters Mimi Hull and Nelson Phelps, not U S WEST, an entity no longer existing.

---

[f]    [Footnote as set forth in the FOIA appeal letter]:  In 1990, the terms of the U S WEST Management Pension Plan paid death benefits only if a qualified death beneficiary was alive at the plan participant's death.  When making the early retirement lump sum distributions, U S WEST and plan administrators had used a probability factor to estimate the likelihood of paying a death benefit.   But, the Plan did not allow the use a probability factor.   Instead, the Plan required that the present value of the death benefits be calculated assuming a 100 percent probability that a death benefit would be paid.  The probability factor applied by U S WEST in 1990 reduced the likelihood that a death benefit would actually be paid, and therefore, reduced substantially the amount of death benefits paid to the 2,800 early retirees.  Thus, when the error was caught and acted upon, U S WEST decided to pay out additional benefits estimated to be about $20 million from the U S WEST Pension Plan which had been merged with the U S WEST Management Pension Plan.  But, before making the additional payments, U S WEST had to seek IRS approval of the company's proposal to make the deficiency payments.

-10-

Revealing the requested documents is certainly not going to reveal any personal information.  Indeed, the information to be revealed is the very sort allowed under ERISA Section 104(b), 29 U.S.C. § 1104(b).

A distinguishing feature of FOIA is that the agency, Internal Revenue FOIA Disclosure office, bears the burden of sustaining its action of withholding records.  That burden cannot be met in this instance.   Therefore, we request that you *carefully* review the April 17 dated FOIA request and <u>promptly</u> reverse Ms. King's erstwhile decision and direct her office to grant me and the requesters access to all of the documents we have requested.   Thank you.

Sincerely,

Curtis L. Kennedy

Individual Requester, and on behalf of the Association of U S WEST/Qwest Retirees

| | |
|---|---|
| Nelson B. Phelps,  Individual Requester | Mary ("Mimi") Hull,  Individual Requester |
| U S WEST/QWEST PENSION PLAN PARTICIPANT | U S WEST/QWEST PENSION PLAN PARTICIPANT |
| 1500 So.  Macon  St. | 678 Clarkson St. |
| Aurora,  CO 80012-5141 | Denver, CO    80218-3202 |
| Tele:  303-743-7928 | Tele:  303-832-4129 |

Attachment

c:       Vivian King, Senior Disclosure Specialist
          INTERNAL REVENUE SERVICE
          FOIA  Disclosure  Office 11
          M/S  7000  PHX
          210  E.  Earl  Drive
          Phoenix,  AZ  85012-2626

21.     By letter dated July 19, 2008, the Fresno office of the IRS fully denied Plaintiffs'

appeal and the entire text of the denial letter appears below:

July 19, 2008

Mr. Curtis L. Kennedy
Attorney at Law
8505 E. Princeton Avenue
Denver, CO 80237-1741

Dear Curtis L. Kennedy:

This letter is in response to your appeals request dated 6/11/2008 of Freedom of
Information Act (FOIA) information.   According to your letter you are appealing the
response of 5/14/2008 from the Disclosure Office of your request for information dated
4/17/2008.

You asked for Voluntary Compliance Resolution (VCR) program records regarding US West
Pension Plan.

The Phoenix Disclosure Office responded that tax records are confidential and may not be
disclosed unless specifically authorized by law. And that they must receive U S West Pension
Plan's written consent before they can consider releasing information you requested.

FOIA exemption 5USC 552 (b)(3) exempts from releasing documents that by statute can not be
released. Internal Revenue Code § 6103 does not allow the release of documents to a person other
than the taxpayer without their consent.   Since the government did not receive a consent form
(i.e.,  Form 8821 or Form 2848) from US West Pension Plan allowing you to view their tax
documents, the government is prohibited by statute from releasing these documents to you.

In conclusion the disclosure office has fulfilled their requirements under FOIA.

The FOIA requires us to advise you of the judicial remedies granted in the Act.   You
may file a complaint in the United States District Court for the District in which you
reside, or have your principal place of business, or in which the agency records are
located, or in the District of Columbia.

Sincerely,

Donna DeWeese

Appeals Team Manager

-12-

22.     **Exhaustion of Available Administrative Procedures**.   Within the meaning of FOIA, 5 U.S.C. § 552(a)(6)(C)(1), Plaintiffs have fully exhausted all available internal claims procedures under FOIA before filing this FOIA civil action.

23.     This action under FOIA has been timely filed.

## CLAIM  FOR  RELIEF

24.     Plaintiffs incorporate and reallege by reference the foregoing paragraphs 1 through 23, as if they were fully set forth herein.

25.     Defendant IRS cannot in good faith justify non disclosure of <u>everything</u> that has been withheld from Plaintiffs, and the FOIA exemption relied upon by the IRS does not fully apply to everything the IRS has been withholding from Plaintiffs.   The IRS's ***blanket*** denial of Plaintiffs' request does not comply with the letter and spirit of FOIA.

26.     Surely, the IRS's decisions and actions taken with respect to the U S WEST pension plans do not constitute private confidential taxpayer information.  Neither the U S WEST Management Pension Plan nor the U S WEST Pension Plan is an individual 'taxpayer.'

27.     Section (a)(2) of FOIA requires, at a minimum, that the IRS make available for inspection and copying the agency's final opinions and orders made in the adjudication of cases. But, none of that information was produced by the IRS to Plaintiffs.

28.     The IRS made a blanket refusal of Plaintiffs' FOIA request presumptively relying upon either Internal Revenue Code Section 6103 or FOIA Exemption 6, the "privacy

exemption", which exemption authorizes the withholding of "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6).

29.    When the IRS Phoenix Disclosure Office denied Plaintiffs' FOIA request, the IRS acted in bad faith. There was no timely response within the statutory 20 day response time and the IRS had no unusual or exceptional circumstances for not providing Plaintiffs with a timely response. The IRS did not request any extension of time to respond to Plaintiffs' FOIA request.[1] There was no agency compliance with section (a)(6)(A)(i) of the FOIA which requires the IRS to tell a FOIA requester that there is a right to appeal any adverse determination to the head of the federal agency or his or her designee, such as the Fresno, CA office.

30.    Plaintiffs further contend the IRS acted in bad faith by relying upon Internal Revenue Code Section 6103, 26 U.S.C. § 6103, because Plaintiffs did not seek private confidential taxpayer information. Plaintiffs did not seek either a tax "return" document or "tax return information" within the meaning of Internal Revenue Code Sections 6103(b)(1) and (2).

31.    Plaintiffs further contend the IRS acted in bad faith and abused exemption 6(A) of the FOIA. There is no legitimate basis for the IRS not providing Plaintiffs the requested information together with an index of all withheld or redacted documents. Plaintiffs do not seek confidential taxpayer information such as social security numbers of pension plan participants,

---

[1]    The FOIA permits the IRS to extend the 20-day statutory time limit by 10 additional days in unusual circumstances as set forth in the FOIA and Treasury Regulation 601.702 (c)(11)(i)(A)(1)-(4).

which information, even if it does exist in Defendant's file, could be redacted when providing Plaintiffs a good faith FOIA response. Plaintiffs did not seek a "tax return" document or "tax return information" within the meaning of exemption six of the FOIA.

32.     With respect to exemption 6(A) of the FOIA, only individuals have privacy interests. Corporations and business associations, including the U S WEST pension plans have no privacy rights under the sixth exemption, with the exception of closely held corporations or similar business entities. The U S WEST pension plans do _not_ fit with the sixth exemption under the FOIA.

33.     Plaintiffs' FOIA request concerning the VCR application and the agency's approval for the U S WEST pension plans fits squarely within the realm of Internal Revenue Code Section 6104.

34.     The FOIA specifically provides that any reasonably segregable portions of a record must be provided to a requester after the deletion of the portions that are exempt.   FOIA requires the IRS to identify the location of deletions in the released portion of the record and, where technologically feasible, to show the deletion at the place on the record where the deletion was made, unless including that indication would harm an interest protected by an exemption. However, no such action was taken by Defendant IRS.

35.     Pursuant to FOIA, 5 U.S.C. Section 552, Plaintiffs are entitled to bring this action and they request this Court issue an order finding that the blanket withholding of all documents

raises questions whether IRS agency personnel acted arbitrarily or capriciously with respect to the withholding.

**36.**     Pursuant to Pursuant to FOIA, 5 U.S.C. Section 552, Plaintiffs are entitled to an order enjoining Defendant IRS from withholding records responsive to their FOIA request and this Court should exercise its discretion to conduct an *in camera* review of documents not produced or redacted to determine whether said documents are within a FOIA exemption.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek orders and judgments against Defendant as follows:

**A.**     Pursuant to FOIA, 5 U.S.C. § 552(a)(4)(F), issue an order finding that the untimely response, together with the blanket withholding of all documents responsive to Plaintiffs' FOIA request and the failure to advise Plaintiffs of any internal appeals rights, raises questions whether IRS agency personnel acted arbitrarily or capriciously with respect to the withholding;

**B.**     Issue an order declaring that Plaintiffs' FOIA request required compliance by the IRS not only pursuant to FOIA but also pursuant to Internal Revenue Code Section 6104(a)(1)(B), 26 U.S.C. § 6104(a)(1)(B);

**C.**     Pursuant to FOIA, 5 U.S.C. § 552(a)(4)(B), issue an order enjoining the IRS from withholding documents responsive to Plaintiffs' FOIA request and order the IRS to produce directly to Plaintiffs all responsive documents.  In the alternative, pursuant to FOIA, 5 U.S.C. §

552(a)(4)(B), Plaintiffs request an order that the IRS produce to the Court the IRS's file so that the Court can conduct an *in camera* review of any withheld and/or redacted documents to determine whether said documents are properly within the scope of an exemption to the FOIA;

      **D.**      Pursuant to FOIA, 5 U.S.C. § 552(a)(4)(B), grant Plaintiffs such other appropriate temporary, preliminary and permanent injunctive relief against Defendant IRS, including an order directing future timely compliance with FOIA requests, and no retaliation against Plaintiffs and their counsel;

      **E.**      Pursuant to 5 U.S.C. § 552(a)(4)(E), order Defendant IRS to pay the reasonable value of Plaintiffs' attorney's fees for services performed, necessary expenses of litigation, and costs of this action.

DATED this 7th  day of January, 2009.      Respectfully submitted,

                                        s/ *Curtis L. Kennedy*
                                        Curtis L. Kennedy
                                        8405 East Princeton Avenue
                                        Denver, CO  80237-1741
                                        Telephone:  303-770-0440
                                        Facsimile:  303-843-0360
                                        e-mail:  CurtisLKennedy@aol.com

<u>Named Plaintiffs:</u>                                      *ATTORNEY FOR PLAINTIFFS*

Nelson B. Phelps
1500 So. Macon St.
Aurora,  CO  80012-5141

Mary M. Hull
678 Clarkson Street
Denver, CO 80218-3202