IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Craig B. Shaffer

Civil Action No. 09-cv-00024-CBS-KMT

MARY M. HULL, and
NELSON B. PHELPS, individually and on
behalf of the ASSOCIATION OF US WEST
RETIREES
      Plaintiff,

v.

INTERNAL REVENUE SERVICE,
UNITED STATES DEPARTMENT OF
TREASURY,
      Defendants.

---

MEMORANDUM OPINION AND ORDER

---

      This civil action comes before the court on Defendant Internal Revenue Service's ("IRS") "Motion to Dismiss the [Plaintiffs'] Complaint" pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (filed March 13, 2009) (doc. # 10).

      In accordance with 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and D.C. Colo. L. Civ. R. 72.2, the parties filed a Consent to Exercise of Jurisdiction by a U.S. Magistrate Judge on May 19, 2009 (doc. # 24). By an Order of Reference dated May 19, 2009 (doc. # 25), this case was randomly assigned to this Magistrate Judge. The court has reviewed the IRS's Motion, the Response filed by Plaintiffs Mary M. Hull, Nelson B. Phelps, and the Association of U.S. West Retirees ("Hull") on April 16, 2009 (doc. # 20), the IRS's Reply (filed April 30, 2009) (doc. # 21), the arguments presented at the hearing held on August 17, 2009 (*see* doc. # 32), the entire case file, and the applicable law.

I.     Background

Hull filed this action on January 7, 2009, under 28 U.S.C. § 1331, claiming subject matter jurisdiction under the civil enforcement provision of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. (*See* Complaint (doc. # 1) at ¶ 5). On March 13, 2009, the IRS filed a Motion to Dismiss the Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and, alternatively, 12(b)(6). (*See* doc # 10 and #11). Hull filed an Opposition to Motion to Dismiss, and the IRS filed a Reply to Plaintiffs' Opposition.

Mary Hull, Nelson Phelps, and members of the Association of U.S. West Retirees are retirees from U.S. West, Inc. (Complaint (doc. # 1) ¶ 9). They are also "participants" in the U.S. West Pension Plan pursuant to the Employee Retirement Income Security Act, 29 U.S.C. § 1002(7). (Complaint (doc. # 1) ¶¶ 7-11). In the Complaint, Hull alleges that in 1996 U.S. West, Inc. made a submission to the IRS under the Voluntary Compliance Resolution ("VCR") Program in order to correct U.S. West's errors in the calculation of payments made to retirees in 1990. (Complaint (doc. # 1) ¶ 14). Hull also alleges that the IRS approved U.S. West's submission and issued a Compliance Statement in 1996. (Complaint (doc. # 1) ¶ 14).

On April 17, 2008, Hull submitted a FOIA request to the IRS's FOIA Disclosure Office requesting "a complete copy set of all documents associated with the IRS handling of *U.S. West's* submission in 1996 resulting in the IRS Compliance Statement, plus all other associated records in the agency's file." (Complaint (doc. # 1) ¶ 14) (emphasis added). The IRS denied this request on May 14, 2008. (Complaint (doc. # 1) ¶ 15). In its May 14, 2008 letter, the IRS stated that it could not fulfill the request because Hull did not include *U.S. West Pension Plan's* written consent for disclosure of its tax records. (Complaint (doc. # 1) ¶ 15) (emphasis added). The

denial stated that Hull must complete Form 8821, Tax Information Authorization, in order for the IRS to process the FOIA request. (Complaint (doc. # 1) ¶ 15). On June 11, 2008 Hull appealed the denial to the IRS's FOIA Appeals Office. In this appeal, Hull characterized the request as pertaining to "U.S. West Management Pension Plan" or "U.S. West Pension Plan," rather than "U.S. West, Inc." as stated in the initial FOIA request. (Complaint (doc. # 1) ¶ 20). The IRS denied Hull's appeal on July 19, 2008. In this denial the IRS stated that because Hull did not obtain consent from the "U.S. West Pension Plan" it could not release taxpayer information without the taxpayer's consent under the IRS Code § 6103, 26 U.S.C. § 6103. (Complaint (doc. # 1) ¶ 21).

Hull alleges the IRS improperly denied the April 17, 2008 FOIA request because Hull was not seeking U.S. West's confidential taxpayer information, but information from U.S. West Pension Plan. (Complaint (doc. #1) ¶ 17). In its motion to dismiss, the IRS asserts that Hull has not fully exhausted the requisite administrative remedies because (1) Hull did not submit consent from the taxpayer, U.S. West, leaving the request unperfected, and (2) because the IRS never made a substantive adverse determination which could be appealed. (Motion to Dismiss (doc. # 11)). During oral arguments Hull asserted that U.S. West Pension Plan is not a "taxpayer" under § 6103. The IRS stated that it was unsure of U.S. West Pension Plan's taxpayer status. (*See* doc. # 32). Neither party could point to a code section that would resolve the issue. Therefore, it remains a question of fact whether U.S. West Pension Plan is a "taxpayer" under § 6103.

II.   Standard of Review

"Rule 12(b)(1) empowers a court to dismiss a complaint for lack of jurisdiction over the

subject matter." *Amoco Production Company v. Aspen Group*, 8 F. Supp. 2d 1249, 1251 (D.Colo. 1998). The party invoking federal jurisdiction has the burden of establishing subject matter jurisdiction. *Id.*, *citing Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). The court is permitted to consider material outside the pleadings to determine whether it has jurisdiction. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). "If a party attacks the facial sufficiency of the complaint, the court must accept the allegations of the complaint as true." *Id.* at 1002-03. However, "if the party attacks the factual assertions regarding subject matter jurisdiction" with other documents, "the court may make its own findings of fact." *Id.* at 1003.

Pursuant to Rule 12(b)(6), a court must accept as true all well-pleaded facts in the complaint and construe them in the light most favorable to the non-moving party. *Pace v. Swerdlow*, 519 F.3d 1067, 1073 (10th Cir. 2008). The Supreme Court has stated that the complaint must plausibly support a claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-58 (2007). Therefore, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

III.    Analysis

The IRS asks the court to dismiss Hull's Complaint based on the lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), or alternatively, pursuant to Fed. R. Civ. P. 12(b)(6). In its Motion to Dismiss, the IRS alleges Hull failed to exhaust the requisite

administrative remedies in two ways. First, the IRS contends that Hull's FOIA request was improper because Hull failed to provide the information necessary to perfect the request. Second, the IRS asserts that Hull could not appeal the FOIA denial because the IRS did not issue a substantive adverse determination.

"Exhaustion of administrative remedies is generally required before filing suit in federal court so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." *Oglesby v. United States Dept. of Army*, 920 F.2d 57, 61 (D.D.C. 1990); *see also Scherer v. United States*, 241 F. Supp. 2d 1270, 1275-76 (D. Kan. 2003) (stating that the purpose of exhaustion is to complete the record, to allow agencies to exercise discretion, and "to avoid unnecessary judicial decisions by giving the agency an opportunity to correct errors"). To exhaust all administrative remedies, a party must request documents from an administrative agency, be improperly refused, file a timely administrative appeal with the agency, and then be denied before seeking relief in district court. *Gasparutti v. United States*, 22 F. Supp. 2d 1114, 1116 (C.D. Cal. 1998). If a party does not comply with these requirements, the case may be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) or 12(b)(6). *Id.*; *Jones v. United States*, 576 F. Supp. 2d 64, 66 (D.D.C. 2008).

In some jurisdictions a motion to dismiss for failure to exhaust all administrative remedies is reviewed pursuant to Rule 12(b)(1), lack of subject matter jurisdiction. *See, e.g.*, *Scherer* 241 F. Supp. 2d at 1276 (stating that failure to exhaust all administrative remedies in a FOIA request case typically deprives the court of subject matter jurisdiction). However, other jurisdictions review the failure to exhaust pursuant to Rule 12(b)(6), failure to state a claim. *Jones*, 576 F. Supp. 2d at 66 ("failure to exhaust does not deprive the court of subject matter

jurisdiction . . ."); *see also Ellis v. IRS*, 2003 WL 23334545 (D.Colo. 2003)(stating that exhaustion is not jurisdictional, instead the proper motion is 12(b)(6), failure to state a claim upon which relief may be granted). This court need not wrestle with these conflicting precedents because there is no practical difference whether the court considers the IRS's motion to dismiss under either Rule 12(b)(1) or 12(b)(6).

The Complaint alleges that Hull "fully exhausted all available internal claims procedures under FOIA before filing this FOIA civil action." (Complaint, (doc. # 1) ¶ 22). Hull submitted a FOIA request to the IRS, and was fully denied records. (Complaint, (doc. # 1) ¶¶ 14-15). Hull then submitted a timely appeal, which the IRS also denied. (Complaint, (doc. # 1) ¶¶ 20-21). Accordingly, Hull requests that the "[c]ourt issue an order finding that the blanket withholding of all documents raises questions whether IRS agency personnel acted arbitrarily or capriciously with respect to the withholding." (Complaint, (doc. # 1) ¶ 35).

The IRS asserts that Hull's original FOIA request for information was improper because Hull did not provide consent from "the taxpayer," U.S. West. Pursuant to IRS Code § 6103, the IRS shall not disclose a taxpayer's "returns" or "return information" without the consent of the taxpayer or authorization by law. In the absence of the taxpayer's consent, the IRS contends that it could not begin the FOIA process, and thus could not issue a substantive adverse determination which Hull could appeal. Therefore, the IRS asserts that Hull did not exhaust all administrative remedies even though Hull filed an administrative appeal and the IRS denied relief.

During oral argument, the court raised the question of whether U.S. West Pension Plan was a "taxpayer" under the IRS regulation § 6103. Although Hull asserted that U.S. West

Pension Plan was not a taxpayer, the IRS stated that it was unsure of U.S. West Pension Plan's status as a taxpayer. Thus, it remains uncertain whether Hull was required to obtain consent from the U.S. West Pension Plan to obtain the requested documents. Under either the Rule 12(b)(1) or 12(b)(6) standards, the court must accept the facts pleaded in the Complaint as true and construe them liberally in the light most favorable to the non-moving party. The Complaint alleges that Hull submitted a FOIA request and was denied any records. Hull also filed an administrative appeal, which was subsequently denied. The court declines to grant the motion to dismiss because the question of fact still remains whether U.S. West Pension Plan is a taxpayer, and thus whether Hull was required to obtain U.S. West Pension Plan's consent for a properly perfected FOIA request.

Accordingly,

IT IS ORDERED that Defendant Internal Revenue Services' "Motion to Dismiss the Complaint" based on Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (filed March 13, 2009) (doc. # 10) is DENIED without prejudice.

DATED at Denver, Colorado, this 6th day of October, 2009.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge