IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Craig B. Shaffer

Civil Action No. 09-cv-00024-CBS-KMT

MARY M. HULL, and
NELSON B. PHELPS,
individually and on behalf of the
ASSOCIATION OF US WEST RETIREES
    Plaintiffs,
v.

INTERNAL REVENUE SERVICE, UNITED STATES DEPARTMENT OF TREASURY,
    Defendant.

## MEMORANDUM OPINION AND ORDER

This civil action comes before the court on the Internal Revenue Service's ("IRS") "Motion for Summary Judgment" (filed February 1, 2010) (doc. # 45) and the Plaintiffs', Mary M. Hull, Nelson B. Phelps, and the Association of US West Retirees, herein collectively referred to as "Hull", "Motion for Summary Judgment" (filed February 25, 2010) (doc. # 47). Pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and D.C. Colo. L. Civ. R.72.2, the parties filed a Consent to Exercise of Jurisdiction by a U.S. Magistrate Judge on May 19, 2009 (doc. # 24). By an Order of Reference dated May 19, 2009 (doc. # 25), this case was randomly assigned to Magistrate Judge Shaffer, pursuant to 28 U.S.C. § 633(c). The court has reviewed the IRS's Motion, Hull's Response (filed February 24, 2010) (doc. # 46), the IRS's Reply (filed March 23, 2010) (doc # 48), Hull's Motion, the IRS's Response (filed March 23, 2010) (doc. # 49), Hull's Reply (filed April 6, 2010) (doc. # 50), the arguments presented at the hearing held on August 17, 2009 (*see* doc. # 32), the entire case file, and the applicable law, and is sufficiently advised in the premises.

1

I.      Statement of the Case

Mary Hull, Nelson Phelps, and members of the Association of U.S. West Retirees are retirees from U.S. West, Inc. and "participants" in the U.S. West Pension Plan under the Employee Retirement Income Security Act, 29 U.S.C. § 1002(7). (Am.Compl. (doc. # 42) ¶¶ 7-11.) Hull alleges that in 1996 U.S. West, Inc. made a submission to the IRS under the Voluntary Compliance Resolution ("VCR") Program in order to correct U.S. West's errors in the calculation of payments made to retirees.(*Id.* ¶ 14.) Hull also alleges that the IRS approved U.S. West's submission and issued a Compliance Statement requiring U.S. West pay the disputed claims within 90 days. (*Id.*)

On April 17, 2008, Hull submitted a Freedom of Information Act ("FOIA") request to the IRS's FOIA Disclosure Office requesting "a complete copy set of all documents associated with the IRS handling of U.S. West's submission in 1996 resulting in the IRS Compliance Statement, plus all other associated records in the agency's file." (*Id.*) The IRS denied this request on May 14, 2008. (*Id.* ¶ 15.) The IRS denied the request because Hull did not include U.S. West Pension Plan's written consent for disclosure of its tax records. (*Id.*) The denial letter stated Hull must complete Form 8821, Tax Information Authorization, for the IRS to process the FOIA request. (*Id.*) On June 11, 2008, Hull appealed the denial to the IRS's FOIA Appeals Office. (*Id.* ¶ 20.) The IRS denied Hull's appeal on July 19, because Hull did not obtain consent from U.S. West Pension Plan and the IRS could not release taxpayer information without the taxpayer's consent under 26 U.S.C. § 6103 stating, "[t]he FOIA requires us to advise you of the judicial remedies granted in the Act. You may file a complaint in the United States District Court. . ." (*Id.* ¶ 21.)

Hull filed this action on January 7, 2009, under 28 U.S.C. § 1331, claiming subject-

matter jurisdiction under the civil enforcement provision of the FOIA, 5 U.S.C. § 552. (*Id.* ¶ 5.) Hull seeks an order requiring the IRS to disclose the requested information. (*Id.* ¶ C.) Alternatively, Hull asked that, under 5 U.S.C § 552(a)(4)(B), the court conduct an *in camera* review of any withheld and/or redacted documents. (*Id.* ¶ C.)

Hull alleges the IRS improperly denied the FOIA request because Hull is not seeking U.S. West's confidential taxpayer information, but information from U.S. West Pension Plan. (*Id.* ¶ 17.) The IRS's "Motion to Dismiss" pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (filed March 13, 2009) (doc. # 10) was denied without prejudice on October 6, 2009 (Mem. Op. And Order (doc. # 33)). This court held, "the question of fact still remains whether U.S. West Pension Plan is a taxpayer, and thus whether Hull was required to obtain U.S. West Pension Plan's consent for a properly perfected FOIA request." (*Id.*)

The IRS filed a "Motion for Summary Judgment" on February 1, 2010 arguing that Hull failed to obtain the required release and has not satisfied the burden of proving that the release was not required. (*See* Mot. for Summ. J. (doc. # 45).) The IRS contends this court does not have jurisdiction to adjudicate the FOIA claim. (See Id.) Hull filed a Response on February 24, 2010 (doc. # 46) and a "Motion for Summary Judgment" on February 25, 2010 (doc. # 47). In the Motion, Hull argues that the IRS has the burden of proof and, because Hull did exhaust administrative remedies, summary judgment in their favor is warranted. (*See* Mot. for Summ. J. (doc. # 47).)[1] The parties have filed competing motions for Summary Judgment; this court will

---

[1] Hull initially argued that 26 U.S.C. § 6104(a) is applicable. 26 U.S.C. § 6104(a) requires that the application filed for an organization's tax-exemption and any documents supporting that application be made available for public inspection. The IRS argues that Hull's

3

grant the IRS's motion because this court lacks subject matter jurisdiction and accordingly Hull's motion will be denied.

II.     Standard of Review

Summary judgment may be granted if "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). "When applying this standard, the court is to examine the factual record and draw reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." *Anderson v. Dept. of Health and Human Servs.,* 907 F.2d 936, 946 (10th Cir. 1990) (internal quotation marks and citation omitted).

III.    Analysis

The FOIA requires government agencies to "make promptly 'available' to any person, upon request, whatever 'records' the agency possesses unless those 'records' fall within any of the nine listed exemptions." *Aaronson v. IRS,* 973 F.2d 962, 964 (1st Cir. 1992) (quoting 5 U.S.C. § 522(a)(3),(b)). For the purposes of this case, the relevant exemption, Exemption 3, states, "This section [*i.e.*, the FOIA disclosure requirement and procedures] *does not apply* to matters that are . . . (3) specifically exempted from disclosure by statute. . . , *provided* that such statute (A) requires that the matters be withheld from the public in such a manner as to leave *no discretion*

---

claim based on 26 U.S.C. § 6104 is inapplicable. (Mot. For Summ. J. (doc. # 45).) In Hull's Amended Complaint, Hull argues, "the requested information is that which Internal Revenue Service Section 6104(a)(1)(B), 26 U.S.C. § 6104(a)(1)(B), mandates the IRS and the Treasury Department make available for public inspection." (Am. Compl. (doc. # 42) ¶ 18.) In Hull's Response in Opposition to Defendant's Motion for Summary Judgment, Hull argues, "In the Amended Complaint, Plaintiffs do not assert any claim based upon IRC Section 6104, 26 U.S.C. § 6104." ((doc. # 46) 19.) This court is proceeding on the basis that the parties agree that 26 U.S.C. § 6104(a) does not apply to the requested information.

4

on the issue, *or* (B) establishes *particular criteria* for withholding *or* refers to *particular types of matters* to be withheld." *Id.* (emphasis in original) (quoting 5 U.S.C. § 522(b)(3)). As an exempting statute, section 6103 of the Internal Revenue Code protects confidentiality and disclosure of return and return information. *Id.* 26 U.S.C. § 6103(a) ("Returns and return information shall be confidential"). *See also Aaronson*, 973 F.2d at 964; *De Salvo v. IRS*, 861 F.2d 1217, 1221 N.4 (10th Cir. 1988) (26 U.S.C. § 6103 is an Exemption 3(A) statute); *Linsteadt v. IRS,* 729 F.2d 998, 1000 (5th Cir. 1984) (same); *Freuhauf Corp. V. IRS*, 566 F.3d 574, 578 (6th Cir. 1977) (same).

Hull requested information submitted under the VCR Program. (Am. Compl. (doc. # 42) ¶ 14.) A retirement plan can be "disqualified" because of an error and their tax advantages forfeited retroactively. Kenni Merritt, *Voluntary Governmental Compliance Programs: Chicken Soup for the Employee Benefit Plan,* 25 Okla. City U.L. Rev. 351 (2000). The VCR Program allows sponsors of qualified retirement plans to correct certain errors without jeopardizing the tax-favored status of the employees' retirement benefits. U.S. West, Inc. made a submission to the IRS under the VCR Program correcting errors in retirement payment calculations, and the IRS subsequently issued a Compliance Statement. On April 17, 2008, Hull requested "a complete copy set of all documents associated with the IRS handling of U.S. West's submission in 1996 resulting in IRS Compliance Statement, plus all other associated records in the agency's file." (Id.)

The IRS asserts that the information submitted by U.S. West under the VCR Program is return information. The Court agrees.

> "Returns and return information shall be confidential. . .The term "return information" means– a taxpayer's identity, the nature, source, or amount of his income, payments,

5

receipts, deductions, exemptions, credits, assets, liabilities, net worth, tax liability, tax withheld, deficiencies, overassessments, or tax payments. . . or any other data, received by, recorded by, prepared by, furnished to, or collected by the Secretary with respect to a return or with respect to the determination of the existence, or possible existence, of liability . . . of any person under this title for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense."

26 U.S.C. § 6103 (a), (b). "§ 6103 applies to tax[-]exempt organizations along with all others." *Breuhaus v. IRS,* 609 F.2d 80, 83 (2d Cir. 1979). *See also Landmark Legal Foundation v. IRS*, 267 F.3d 1132, 1135 (2001) (exemption three applies to return information including documents concerning audits or investigations of 501(c)(3) tax-exempt organizations); *Church of Scientology of California v. IRS,* 792 F.2d 146 (D.C. Cir. 1986) (26 U.S.C. § 6103 is an Exemption 3 statute). "This definition of 'return information' has, in the words of some commentators, 'evolved to include virtually any information collected by the Internal Revenue Service regarding a person's tax liability.'" *Landmark Legal Foundation*, 267 F.3d. at 1135 (quoting Allan Karnes & Roger Lirely, *Striking Back at the IRS: Using Internal Revenue Code Provisions to Redress Unauthorized Disclosures of Tax Returns or Return Information*, 23 Seton Hall L. Rev. 924, 933 (1993)). Because information submitted under a VCR program *could* implicate tax liability, the specific information that Hull seeks is return information and protected from disclosure under 26 U.S.C. § 6103.

Hull argues that this information is not return information because under U.S. West Pension Plan is not a taxpayer. This argument flies in the face of settled case law: a tax-exempt organization is a taxpayer under 26 U.S.C. § 6103. *Breuhaus*, 609 F.2d at 83 ( "§ 6103 applies to tax-exempt organizations along with all the others"). *See also Landmark Legal Found.*, 267 F.3d at 1135 ("Landmark does not claim that an entity's classification as tax-exempt excludes it from that category [§ 6103]– a claim that would surely be week. . . "); *Serv. Employees Int'l Union v.*

*IRS*, 1982 U.S. Dist. LEXIS 16810 (D.D.C. 1982) ("Tax-exempt status alone, however, does not necessarily preclude data concerning a 501(c)(3) organization from falling within the scope of 'return information'"). According to case law, U.S. West Pension Plan is a taxpayer whose return information is protected by 26 U.S.C. § 6103, an exempting statute under the FOIA.[2]

Return information, because it is protected under 26 U.S.C. § 6103, is exempted from disclosure under the FOIA Exemption 3, 5 U.S.C. § 552(b)(3). However, return information may be disclosed with a waiver from the taxpayer about whom the requester seeks information. 26 U.S.C. § 6103 (c) ( "The Secretary may, subject to such requirements and conditions as he may prescribe by regulations, disclose the return of any taxpayer, or return information with respect to such taxpayer, to such person or persons as the taxpayer may designate in a request for or consent to such disclosure, or to any other person at the taxpayer's request to the extent necessary to comply with a request for information or assistance made by the taxpayer to such other person").

"A complainant must request specific information in accordance with published administrative procedures." *Freedom Magazine v. IRS*, 1992 U.S. Dist. LEXIS 18099, *7 (C.D. Cal. 1992). See 5 U.S.C. § 552(a)(1),(2) & (3). The FOIA and IRS have specific published administrative procedures. See 5 U.S.C. § 552; 26 U.S.C. § 6103. The FOIA requires: "Each agency, upon any request for records which (A) reasonably describes such records and (B) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person." 5 U.S.C. § 522(a)(3).

---

[2]Information is protected by 26 U.S.C. § 6103 unless 26 U.S.C. § 6104 removes the information from confidentiality. The parties agree, the information requested is not subject to disclosure under 26 U.S.C.§ 6104. (doc. # 47, doc. # 48, doc. # 49, doc. # 50.)

According to this provision, the IRS has set forth:

> (4) Form of request. . .The initial request for records must –. . . (E) In the case of a request for records the disclosure of which is limited by statute or regulations (as, for example, the Privacy Act of 1974 (5 U.S.C. 552a) or section 6103 [26 U.S.C.S § 6103] and the regulations thereunder), establish the identity and the right of the person making the request to the disclosure of the records in accordance with paragraph (c)(5)(iii) of this section.

26 C.F.R. § 601.702(c)(4)(i)(E). Paragraph (c)(5)(iii) articulates:

> (A) In the case of records containing information with respect to particular persons the disclosure of which is limited by statute or regulations, persons making requests shall establish their identity and right to access to such records. . . (B). . . Persons requesting records on behalf of or pertaining to another person must provide adequate proof of the legal relationship under which they assert the right to access the requested records before the requirement of paragraph (c)(4)(i)(E) of this section shall be deemed met.

26 C.F.R. § 601.702(c)(5)(iii)(A)-(B). "Clearly these regulations require that an [sic] FOIA requester submit a third-party waiver in his or her initial request for records if he or she is seeking records containing information pertaining to a third-party." *Freedom Magazine*, 1992 U.S. Dist. LEXIS at 18099 *12.

If Hull seeks return information under a FOIA request, per the IRS's regulations, a third-party waiver must be obtained. 26 U.S.C. § 6103(c). Hull has not obtained this waiver and thus, the IRS has not received a perfected claim. Without a perfected claim, the IRS cannot issue a final ruling. As it stands, without a third-party waiver, this request was unperfected.

The FOIA grants the district court jurisdiction to enjoin an agency from withholding agency records and to order the production of any records improperly withheld. 5 U.S.C. § 552(a)(4)(B). Under this statute, the district court has the powers of an equity court to issue an injunctive relief. 5 U.S.C. § 552(a)(4)(B). However, under the FOIA, a party *must* exhaust all administrative remedies before that party can seek judicial review. *Dale v. IRS*, 238 F. Supp. 2d

99, 102 (D.D.C. 2002) ("The Freedom of Information Act requires the requester to exhaust administrative remedies before filing suit"); *Stephenson v. FBI*, 2010 U.S. Dist. Lexis 48627, *3 (D. Utah 2010) (*citing Taylor v. Appleton,* 30 F.3d 1365, 1367-68 (11th Cir. 1994), *cited with approval in Roberts v. Paulson*, 263 Fed. Appx. 745, 747-48 (10th Cir. 2008)); *Judicial Watch, Inc. V. United States Naval Observatory,* 160 F. Supp. 2d 111, 112 (D.D.C. 2001) ("It is well settled that full and timely exhaustion of administrative remedies is a prerequisite to judicial review under the FOIA"); *Stebbins v. Nationwide Mutual Insurance Co.,* 757 F.2d 364 (D.C. Cir. 1984) ("Exhaustion of such [administrative] remedies is required under the Freedom of Information Act before a party can seek judicial review"). The complainant must request specific information in accordance with published administrative procedures, 5 U.S.C. § 552(a)(1),(2), & (3), and have the request improperly refused before that party can bring a court action under the FOIA, 5 U.S.C. § 552(a)(4)(B). *See Stephenson*, 2010 U.S. Dist. Lexis 48627. If a requester fails "to follow the procedures set forth in the [agency's] regulations, he has failed to make a proper request under the FOIA and therefore has failed to exhaust his administrative remedies." *Id.* (*quoting Kessler v. United States*, 899 F.Supp. 644, 645 (D.D.C. 1995)). "Where no attempt to comply fully with exhaustion procedures has been made, the courts will assert their lack of jurisdiction under the exhaustion doctrine." *In re Steele*, 799 F.2d 461, 466 (9th Cir. Cal. 1986).

In the instant case, this court does not have subject matter jurisdiction. Hull never perfected the FOIA request because U.S. West did not sign a waiver authorizing the release of its return information. Hull is required by statute to obtain this waiver for a proper FOIA request. 26 U.S.C. § 6103. Until the request is perfected, Hull's administrative remedies are not exhausted because the IRS cannot and did not reach a final decision on an unperfected claim. Therefore,
9

this court does not have subject matter jurisdiction. *See Bansal v. DEA*, 2007 WL 551515 (E.D.Pa. 2007) (because the plaintiff had not exhausted administrative remedies summary judgment was appropriate against him and for the IRS, "it is as if he had made no request at all on which the IRS could render a determination"); *Kessler,* 899 F.Supp. at 645 (dismissing claims under FOIA against IRS for failure to administratively exhaust his claims because Plaintiff's request did not comport with agency regulations).

Hull argues that the IRS's letter on July 19, 2008 denying the appeal was a final decision and created subject matter jurisdiction. (See Pl.'s Resp. in Opp'n to Def.'s Mot. for Summ. J. (doc. # 46).) The letter, written by Donna DeWeese, IRS Appeals Team Manager, concluded, "The FOIA requires us to advise you of the judicial remedies granted in the Act. You may file a complaint in the United States District Court for the District in which you reside, or you have your principle place of business, or in which the agency records are located, or in the District of Colombia." (Am. Compl. (doc. # 42).) This letter does not create subject matter jurisdiction. "Subject matter jurisdiction may not be created by estoppel or consent of the parties." *W & S Distributing v. United States,* 1996 WL 636119, * 5 (E.D. Mich. 1996) (quoting *Williams v. United States*, 947 F.2d 37, 39 (2nd Cir. 1991) (holding that the IRS's mistaken advisement that a taxpayer had two years to file the civil suit did not create subject matter jurisdiction where the statute of limitations was nine months)). *See also Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinea*, 456 U.S. 694, 702 (1982); *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 17-18 (1951); *Kenney v. United States Dept. of Justice*, 2010 WL 1242273, *5 (D.D.C. 2010) ("defendant merely informed plaintiff of the availability of judicial review, which it is statutorily required to do whenever it denies an administrative appeal under the FOIA. *See* 5

U.S.C. § 522(a)(6)(A)(ii). The government is not equitably estopped from asserting the statute of limitations in this case"). The letter simply advised Hull pursuant to the FOIA requirements. Such notice did not create subject matter jurisdiction, did not constitute a final decision, nor does it bind this court. *See Kenney,* 2010 WL 1242273. Because Hull has not perfected the FOIA claim, administrative remedies were not exhausted.

Even if this court had subject matter jurisdiction, the IRS decision would be upheld. *See generally DeSalvo v. IRS*, 861 F.2d 1217, 1222 (10th Cir. 1988)( "Section 6103(a) makes clear the general rule that tax returns and return information are confidential. . . No exceptions appear to be applicable on the basis of the record, and therefore this information cannot be disclosed. As to this request, we agree with the IRS that summary judgment was appropriate, as this agency determination would be upheld under any standard of review"). The information requested is return information about a taxpayer. *See* 26 U.S.C. § 6103 (defining return information). As this information cannot be disclosed without a third-party waiver, the IRS properly withheld the information.

IV.   Conclusion

Summary judgment should be granted only if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. In the instant case there is no genuine issue of material fact. The law clearly affords tax-exempt entities the same legal protection as tax-paying entities for "return information" not otherwise subject to disclosure. Consequently, the only way Hull can perfect the FOIA request is to obtain the legally required third-party waiver. Because Hull never obtained a waiver from U.S. West, the claim was not perfected. Since the claim was not perfected, Hull did not exhaust administrative remedies and

11

this court does not have subject matter jurisdiction. In the absence of subject matter jurisdiction, this court may not consider Hull's request for *in camera* review. Even if this court had subject matter jurisdiction, because the requested information was return information protected from disclosure, the IRS properly withheld the information.

Accordingly,

IT IS ORDERED that Defendant Internal Revenue Services' "Motion for Summary Judgment " (filed February 01, 2010) (doc. # 45) is GRANTED and Plaintiffs' "Motion for Summary Judgment" (filed February 25, 2010) (doc. # 47) is DENIED. Judgment on the Complaint is entered in favor of the Defendant and against Plaintiffs, with each party to bear his, her, or its own costs.

DATED at Denver, Colorado, this 3rd day of August, 2010.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge